**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Oracle America, Inc.,**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**Sean Duggan,**<br><br>          **Defendant.** | **Civil Action No. 1:16CV11573** |

## Complaint for Declaratory Relief

Plaintiff, Oracle America, Inc. ("Oracle"), brings this Complaint against Defendant, Sean Duggan ("Duggan"), seeking an injunction and a declaration that a class action waiver in an arbitration agreement entered into by Oracle and Duggan is controlling and enforceable. In support of its Complaint, Oracle alleges:

### Parties

1. Oracle is a foreign corporation incorporated in the State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood Shores, California.

2. Upon information and belief, Duggan is an individual residing at 26 Bradford Road, Braintree, Norfolk County, Massachusetts.

### Nature of Claim and Basis for Jurisdiction and Venue

3. This is an action for an injunction and declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 by virtue of the complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs, as well as

the Federal Arbitration Act, 9 U.S.C. §§1-16.

5. Venue is proper in the District Court for the District of Massachusetts pursuant to 28 U.S.C. 1391 because Duggan is a resident of Massachusetts and/or a substantial part of the events or omissions giving rise to the underlying claim occurred in Massachusetts.

## Factual Background

### A. Duggan's Employment with Oracle and the Arbitration Agreement

6. Oracle offers a comprehensive and fully integrated stack of cloud applications, platform services, and engineered systems to more than 420,000 customers, with deployments across a wide variety of industries in more than 145 countries.

7. As part of its operations, Oracle maintains offices in Burlington, Massachusetts.

8. On August 5, 2013, Duggan began employment with Oracle as a Sales Representative in one of its Burlington offices.

9. On June 1, 2014, Oracle presented to Duggan a Fiscal Year 2015 Individualized Compensation Plan that incorporated and included the FY15 Incentive Compensation Terms & Conditions.

10. On June 3, 2014, Duggan agreed to the Fiscal Year 2015 Individualized Compensation Plan and FY15 Incentive Compensation Terms & Conditions, with an effective date of June 1, 2014.

11. The FY15 Incentive Compensation Terms & Conditions includes a section titled Agreement to Arbitrate Disputes, attached to the Terms & Conditions as Appendix 9 (the "Arbitration Agreement").

12. By accepting the Fiscal Year 2015 Individualized Compensation Plan, Duggan agreed to be "…bound by the FY15 Terms and Conditions, including but not limited to the Agreement to Arbitrate Disputes in Appendix 9…"

13. The Arbitration Agreement provides that "[e]mployee and Oracle understand and agree that, except as set forth below, any existing or future dispute or claim arising out of or related to Employee's Oracle employment, or the termination of that employment, including but not limited to disputes arising under the Plan, will be resolved by final and binding arbitration…"

14. The Arbitration Agreement further provides that "[t]his Agreement to Arbitrate Disputes contains the complete agreement between Oracle and Employee regarding the subject of arbitration, and supersedes any and all prior written, oral or other types of representations and agreements between Oracle and Employee regarding the subjects of arbitration and dispute resolution."

15. The Arbitration Agreement further provides that "[a]ny claim by Employee against Oracle which is subject to arbitration under the terms of this Agreement to Arbitrate Disputes must be brought in Employee's individual capacity and not as a plaintiff or class member in any purported class, collective, representative, multiple plaintiffs or similar non-individual proceeding ('class action'). Employee expressly waives any and all rights to bring, participate in or maintain in any forum any class action regarding or raising claims which are subject to arbitration under the terms of this Agreement to Arbitrate Disputes. The arbitrator shall not have authority to combine or aggregate similar claims or conduct, or conduct any class action or make an award to any person or entity not a party to the arbitration. Any claim that all or part of the

class action waiver in this paragraph is unenforceable or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator."

### B. Duggan's Termination and the State Court Lawsuit

16. On June 18, 2014, Oracle terminated Duggan's employment.

17. On October 28, 2015, Duggan filed a lawsuit against Oracle in Middlesex Superior Court, captioned <u>Sean Duggan v. Oracle America, Inc.</u>, C.A. No. 15-6137 (the "state court lawsuit").

18. Duggan alleged in the state court lawsuit that during his employment at Oracle, he worked hours that constituted overtime and Oracle failed to compensate him for the overtime.  This lawsuit contained only claims brought on Duggan's behalf, and did not seek any type of class-based relief.

19. Duggan asserted causes of action in the state court lawsuit for breach of contract and *quantum meruit*, and sought treble damages and attorney's fees for alleged violations of M.G.L. c. 151 §1A and 1B.

20. On June 2, 2016, Duggan and Oracle jointly moved the state court to stay the lawsuit pending arbitration.

21. The state court granted the motion to stay on June 6, 2016.

### C. The Arbitration Complaint

22. On June 3, 2016, Duggan filed a "Class Arbitration Complaint" with the American Arbitration Association ("AAA") against Oracle "on behalf of himself and all other persons similarly situated" (the "AAA complaint").

23. Duggan alleges in the AAA complaint that Oracle employs more than one-hundred Sales Representatives in its Burlington, Massachusetts field office, including himself.

24. Duggan further alleges that he and other Sales Representatives worked hours that constituted overtime and Oracle failed to compensate them for the overtime.

25. Duggan, on behalf of himself and the other Sales Representatives, asserts claims for breach of contract and for treble damages and attorney's fees for violations of M.G.L. c. 149 §148 and M.G.L. c. 151 §1A and 1B.

### D. Duggan's Refusal to Withdraw the Class Action Complaint

26. In June and July 2016, Oracle requested that Duggan withdraw the class action arbitration complaint and refile a new arbitration complaint in his individual capacity, because the Arbitration Agreement precludes Duggan from asserting class action claims against Oracle.

27. In June and July 2016, Oracle informed the AAA of its position vis-à-vis the Arbitration Agreement and argued that Duggan is precluded from asserting a class action complaint.

28. Duggan has refused to withdraw his class action complaint.

29. The AAA has informed Oracle that it intends to move forward with the class action complaint, absent an order of a Court or an agreement by the parties. In addition, the AAA has issued a list of arbitrators and ordered the parties to agree on an arbitrator, or otherwise to strike any arbitrators on the list and rank their respective preferences for the remaining arbitrators, by August 9, 2016. Should any party fail to submit the requested list by that date, the AAA has stated that it will proceed to appoint an arbitrator as provided by its rules.

## COUNT ONE
### (Declaratory Judgment)

30. Oracle repeats and incorporates herein by reference the allegations set forth in paragraphs 1-29 of the Complaint.

31. The Arbitration Agreement controls any claims asserted by Duggan.

32. The Arbitration Agreement precludes Duggan from proceeding with the class action complaint with the AAA.

33. The Arbitration Agreement requires a court of competent jurisdiction, and not an arbitrator, to decide whether the class action waiver contained in that Agreement is unenforceable.

34. Wherefore, Oracle seeks a declaration that the Arbitration Agreement precludes Duggan from proceeding with the class action claim with the AAA.

## COUNT TWO
### (Application for Injunctive Relief)

35. Oracle repeats and incorporates herein by reference the allegations set forth in paragraphs 1-34 of the Complaint.

36. The Arbitration Agreement controls any claims asserted by Duggan.

37. The Arbitration Agreement precludes Duggan from proceeding with the class action complaint with the AAA.

38. The Arbitration Agreement requires a court of competent jurisdiction, and not an arbitrator, to decide whether the class action waiver is unenforceable.

39. Duggan has refused to withdraw his class action complaint with the AAA.

40. Upon information and belief, the AAA intends to proceed with the class action complaint.

41. Oracle will be irreparably harmed unless this Court grants injunctive relief, as it will

be forced to spend extensive time and resources defending a class complaint that is not properly brought before the AAA.

**WHEREFORE**, Oracle prays for judgment against Duggan as follows:

(a) a declaration that the Arbitration Agreement precludes Duggan from proceeding with the class action claim with the AAA;

(b) granting Oracle injunctive relief that requires Duggan to withdraw the class action complaint with the AAA and refile a claim in his individual capacity;

(c) awarding Oracle its costs and reasonable attorney's fees; and

(d) any other relief the Court deems just and proper.

Respectfully submitted,

**ORACLE AMERICA, INC.**

By its attorneys,

*/s/ Gregory A. Manousos*
Gregory A. Manousos (BBO#631455)
Jeffrey McAllister (BBO#          )
**MORGAN, BROWN & JOY, LLP**
200 State Street, 11th Floor
Boston, MA  02109
T: (617) 523-6666
F: (617) 977-9240
Dated:  August 1, 2016          E: gmanousos@morganbrown.com

## **CERTIFICATE OF SERVICE**

I, Gregory A. Manousos, hereby certify that on August 1, 2016, a true copy of this document was served via regular and electronic mail to counsel of record for Plaintiff: Ian J. McLoughlin, Esq., and Patrick Vallely, Esq., Shapiro, Haber & Urmy, LLP, Seaport East, Two Seaport Lane, Boston, MA 02210, imcloughlin@shulaw.com.

*/s/  Gregory A. Manousos*
Gregory A. Manousos, Esq.